UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PARNELL LEDELL MCKAY,
    Plaintiff,

vs.                                            Case No.:  3:23cv24180/LAC/ZCB

SGT. TONA, et al.,
    Defendants.
                                  /

## **REPORT AND RECOMMENDATION**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983.  Presently before the Court is Plaintiff's Amended Complaint. (Doc. 6).

Because Plaintiff filed this action as an *in forma pauperis* prisoner, the Court is required to screen the Amended Complaint and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A (setting forth the screening responsibility); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints").  The Court has undertaken its screening

obligation and determined that Plaintiff's claims under the Florida Administrative Code and Florida Penal Code should be dismissed.[1]

## I. Background

Plaintiff's Amended Complaint names as Defendants two officers at Santa Rosa Correctional Institution, Sergeant Tona and Classification Officer Estep. (Doc. 1 at 1-3).[2] Plaintiff alleges on July 19, 2021, Defendant Tona gave his canister of chemical agent to Defendant Estep and stood by as Defendant Estep gratuitously sprayed Plaintiff with the agent. (*Id.* at 5-7). Plaintiff asserts claims under the Eighth Amendment and provisions of the Florida Administrative Code and Florida Penal Code. (*Id.* at 8-12). He seeks nominal and punitive damages. (*Id.* at 8).

---

[1] The Court previously notified Plaintiff that he could not state a plausible claim for relief under the Florida Administrative Code and Florida Penal Code. (Doc. 5 at 10-12). Despite this information, Plaintiff included those claims in his Amended Complaint. Dismissal is, therefore, warranted. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (explaining that "*pro se* litigant[s] generally must be given at least one opportunity to amend" a complaint).

[2] The Court refers to the page numbers automatically assigned by the Court's electronic filing system.

## II. Screening Standard

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic

recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

Plaintiff claims that the Defendants' conduct violated Rule 33-208.001, Rule 33-208.002 and Rule 33-602.210 of the Florida Administrative Code and § 838.022(3) of the Florida Penal Code.[3] (Doc. 6 at 9, 12).

Section § 1983 imposes liability only for violations of rights protected by the Constitution and laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Paul v. Davis*, 424 U.S. 693, 698-99 (1976); *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("Section 1983 does not create a remedy for every wrong committed under the color

---

[3] Rule 33-208.001 of the Florida Administrative Code sets out general provisions governing personnel of the Florida Department of Corrections (FDOC). Rule 33-208.002 provides the "Rules of Conduct" for FDOC personnel. Rule 33-602.210 is the administrative rule governing uses of force by FDOC employees. Section 838.022 of the Florida Penal Code defines the crime of official misconduct.

4

of state law, but only for those that deprive a plaintiff of a federal right."). Allegations of state law infractions are insufficient to support a § 1983 claim. *Garvie v. City of Fort Walton Beach*, 366 F.3d 1186, 1191 (11th Cir. 2004) ("[I]n general, allegations that local officials failed to comply with state laws are not federal constitutional claims."); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("[A] violation of state law—even assuming one occurred in this case—does not per se make a state actor liable under § 1983. State law violations do not form the basis for imposing § 1983 liability."). For this reason, Plaintiff cannot state a plausible claim for relief under § 1983 claim based upon alleged violations of the Florida Administrative Code. *See Crenshaw v. Lewis*, 8:14-cv-1941, 2016 WL 521531, at *3 (M.D. Fla. Feb. 5, 2016) (stating that an alleged violation of the Florida Administrative Code "is not a basis for relief in an action under § 1983").

Plaintiff also asserts § 1983 claims based upon alleged violations of the Florida Penal Code, specifically, the provision that defines the crime of official misconduct, Fla. Stat. § 838.022. (Doc. 6 at 9, 12). Criminal statutes rarely create private causes of action. *See Cent. Bank of Denver,*

5

*N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone. . . . And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions."); *see also Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002) (explaining that criminal statutes generally do not provide for private civil causes of action).

In this case, there is no statutory basis for inferring that a civil cause of action exists for an alleged violation of Fla. Stat. § 838.022. For this reason, Plaintiff cannot state a plausible § 1983 claim based upon an alleged violation of that criminal statute.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's claims against Defendants under the Florida Administrative Code and the Florida Penal Code be **DISMISSED** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  This matter be returned to the undersigned for further proceedings regarding Plaintiff's Eighth Amendment claims.

At Pensacola, Florida, this 18th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.