UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PARNELL LEDELL MCKAY,
    Plaintiff,

vs.                               Case No.:  3:23cv24180/LAC/ZCB

SGT. TONA, et al.,
    Defendants.
                                   /

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Because Plaintiff filed this action as an *in forma pauperis* prisoner, the Court is required to screen the second amended complaint (Doc. 14) and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (setting forth the screening responsibility); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). The Court has undertaken its screening obligation and determined that, for the reasons below, Plaintiff's claims against

1

Defendant Warden and Plaintiff's Fourteenth Amendment claims against Defendants Tona and Estep should be dismissed.

## I. Background

Plaintiff's second amended complaint names as Defendants three prison officials at Santa Rosa Correctional Institution, Sergeant Tona, Officer Estep, and the Warden. (Doc. 14 at 1-3). Plaintiff sues the Warden in his individual and official capacities. (*Id.* at 3). He sues Tona and Estep only in their individual capacities. (*Id.* at 2-3).

Plaintiff alleges on July 19, 2021, Sergeant Tona gave his canister of chemical agent to Officer Estep and stood by as Estep gratuitously sprayed Plaintiff. (*Id.* at 5-6). Plaintiff alleges he told the Warden about the assault during the Warden's subsequent dormitory inspection. (*Id.* at 6). The Warden asked Plaintiff if he had received a disciplinary report, and Plaintiff responded no. (*Id.*).

Plaintiff asserts claims of excessive force and failure to protect/intervene against all three Defendants under the Eighth and Fourteenth Amendments. (*Id.* at 7-8). He seeks declaratory relief and compensatory and punitive damages. (*Id.* at 8-9).

## II.   Screening Standard

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic

3

recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Plaintiff's claims against the Warden should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).**

Plaintiff claims that the Warden violated his rights under the Eighth and Fourteenth Amendments by failing to take disciplinary action to "cure the known pattern of physical chemical abuse of inmates" by Sergeant Tona and Officer Estep. (Doc. 14 at 7-8).

"[T]he standard by which a supervisor is held liable in his or her individual capacity for the actions of a subordinate is extremely rigorous." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (cleaned up). "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (cleaned up). "Instead, supervisory liability

4

under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* at 1360 (citation omitted).

A causal connection may be established when (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (cleaned up).

Here, Plaintiff references a "known pattern of physical chemical abuse of inmates" by Sergeant Tona and Officer Estep. (Doc. 14 at 8). But there is no mention in the complaint of another allegedly unwarranted use of chemical agent by either of these officers to support Plaintiff's conclusory allegation of a "pattern" of abuse. Plaintiff's factual allegations against the Warden are that Plaintiff told the Warden about

5

the use of force after it occurred; the Warden asked Plaintiff if he received a disciplinary report; and Plaintiff responded no. (*Id.* at 6). These facts do not support a reasonable inference that the Warden had prior notice that Estep or Tona would participate in the gratuitous use of chemical agent against Plaintiff. For this reason, Plaintiff has not stated a plausible § 1983 claim against the Warden in his individual capacity. *See Myrick*, 69 F. 4th at 1298 (holding that conclusory assertions of a sheriff's custom or practice of permitting unwarranted tasings by a certain officer were insufficient to state a basis for holding the sheriff individually liable for the officer's unwarranted tasing where complaint did not allege any facts outside of the single incident involving the officer).

Plaintiff's official capacity claim against the Warden fares no better. An official capacity claim against an FDOC official or employee is simply a claim against the FDOC. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). A government entity, such as the FDOC, may be liable in a section 1983 action "only where the [government entity] itself causes the constitutional violation at issue."

6

*Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (cleaned up). "Because the real party in interest in an official capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer*, 502 U.S. at 25 (cleaned up).

"A policy is a decision that is officially adopted by the [government entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [government entity]." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (cleaned up). The policy requirement is designed to distinguish acts of the government entity from acts of its employees and to clarify that governmental liability is limited to action for which the entity itself is actually responsible. *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 n.5 (11th Cir. 2003).

A government entity rarely will have an officially adopted policy that permits a particular constitutional violation; therefore, in order to state a cause of action under section 1983, most plaintiffs must demonstrate that the government entity has a custom or practice of permitting the violation. *Id.* at 1330. A custom is an act "that has not

7

been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (citation omitted). It is "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." *Sewell*, 117 F.3d at 489.

An official capacity claim also has a causation element. The plaintiff must allege facts that show a direct causal link between the entity's policy or custom and the alleged constitutional violation. *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1271 (11th Cir. 2005).

Here, Plaintiff does not allege that the FDOC had a custom or policy that caused a violation of his constitutional rights. His complaint does not allege any facts outside of the single incident of Tona and Estep spraying him on July 19, 2021. *See McDowell v. Brown*, 392 F.3d 1283, 1290-91 (11th Cir. 2004) (explaining that an "isolated incident" of misconduct by an individual employee "does not demonstrate evidence of the [government entity's] persistent or widespread policy"). Plaintiff's factual allegations do not permit a reasonable inference that the FDOC had a custom or policy of permitting the unwarranted use of chemical

agent on inmates. For this reason, Plaintiff's official capacity claim against the Warden should be dismissed.[1]

### B. Plaintiff's Fourteenth Amendment claims against Defendants Tona and Estep should be dismissed for failure to state a claim, under § 1915(e)(2)(B)(ii).

Plaintiff claims that Defendant Estep's unnecessary use of chemical agent on July 19, 2021, at the urging of Defendant Tona, violated the Eighth Amendment and the Fourteenth Amendment. (Doc. 14 at 7-8).

Plaintiff's excessive force claim against Defendant Estep and his failure to protect/intervene claim against Defendant Tona are governed by the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (holding that a claim of excessive force by a prison official is governed by the Eighth Amendment); *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (holding that a claim of a prison official's failure to protect a prisoner from another officer's excessive force or

---

[1] Plaintiff's official capacity damages claim against the Warden is also subject to dismissal because of Eleventh Amendment sovereign immunity. *See Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (recognizing that "the Eleventh Amendment bars federal suits against state officials in their 'official capacity' because such actions seek recovery from state funds").

9

failure to intervene in that force is governed by the Eighth Amendment). The substantive due process provisions of the Fourteenth Amendment are inapplicable to those claims. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process).

Because Plaintiff's claims are covered by the Eighth Amendment, analysis of those claims under the Fourteenth Amendment is inappropriate. For that reason, Plaintiff's Fourteenth Amendment claims against Defendants Tona and Estep should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's claims against Defendant Warden be **DISMISSED** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and the Warden be **TERMINATED** as a Defendant;

10

2. Plaintiff's claims against Defendants Tona and Estep under the Fourteenth Amendment be **DISMISSED** for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This matter be returned to the undersigned for further proceedings on Plaintiff's Eighth Amendment claims against Defendants Tona and Estep.

At Pensacola, Florida, this 15th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.