UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PARNELL LEDELL MCKAY,
    Plaintiff,

vs.                                               Case No.: 3:23cv24180/LAC/ZCB

MICHAEL TONA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). The operative complaint is Plaintiff's second amended complaint (Doc. 14). Defendants have moved to dismiss Plaintiff's claims for compensatory and punitive damages, and Plaintiff has responded in opposition. (Docs. 35, 38, 39). For the reasons below, Defendants' motion to dismiss should be denied.

### I. Summary of Plaintiff's Factual Allegations[1]

Plaintiff names two officers from Santa Rosa Correctional Institution as Defendants, Sergeant Tona and Officer Estep. (Doc. 14 at

---

[1] At this stage in the proceeding, the Court assumes the truth of Plaintiff's allegations.

1

1-3).[2]  Plaintiff alleges on July 19, 2021, Sergeant Tona ordered him to strip to his boxer shorts for a body search. (*Id.* at 5). Plaintiff complied and was searched. (*Id.*). At the direction of Sergeant Tona, Officer Estep then gratuitously sprayed Plaintiff's body with mace. (*Id.* at 5, 7-8). Plaintiff was escorted to the medical department and received a post-use of force medical exam. (*Id.* at 5-6).

Plaintiff asserts Eighth Amendment excessive force claims against Defendants for gratuitously spraying him with chemical agent. (*Id.* at 7-8). As relief, Plaintiff seeks compensatory damages for physical and emotional injuries he sustained as a result of the use of chemical agent. (*Id.* at 9). He also requests punitive damages, declaratory relief, and any other relief to which he may be entitled. (*Id.*).

## II.   Motion to Dismiss Standard

Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 14 at 1, 3). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

---

[2] Plaintiff named a third Defendant, the Warden of Santa Rosa C.I., but the Court previously dismissed all claims against that Defendant and terminated him from this lawsuit. (Doc. 23).

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022). Additionally, a *pro se* litigant's complaint must be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

### III. Discussion

Defendants move to strike Plaintiff's requests for compensatory and dismiss his requests for punitive damages. (Doc. 35 at 6, 14). They argue that Plaintiff's claims for compensatory damages are precluded by 42

3

U.S.C. § 1997e(e) because he did not allege a specific physical injury that was more than *de minimis* as a result of the use of chemical spray. (*Id.* at 3-6). Defendants argue that punitive damages are barred by 18 U.S.C. § 3626(a)(1)(A). (*Id.* at 6-14).

For his part, Plaintiff maintains that he suffered physical injuries as a result of the use of the chemical spray. (Doc. 14 at 9; Doc. 39 at 7). He also argues that he is entitled to damages because Defendants acted in bad faith and with malicious and sadistic intent to cause severe pain and serious bodily harm. (Doc. 38 at 1-2; Doc. 39 at 1-2, 7).

The Court will discuss each of Defendants' arguments for dismissal.

### A. Defendants are not entitled to have Plaintiff's requests for compensatory damages stricken at this stage in the proceeding.

Section 1997e(e) of the Prison Litigation Reform Act (PLRA) prevents a prisoner from recovering compensatory damages without a showing of physical injury. 42 U.S.C. 1997e(e). Subsection 1997e(e) does not define "physical injury," but the Eleventh Circuit has determined the injury must be more than *de minimis*, although it need not be significant. *Thompson v. Smith*, 805 F. App'x 893, 900-01 (11th Cir. 2020) (citation

4

omitted). Mere discomfort is *de minimis*. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007). But chemical spraying "done sadistically, with no penological justification, does not constitute a routine discomfort associated with confinement." *Thompson*, 805 F. App'x at 904 (cleaned up).

Here, Plaintiff alleges that Defendants chemical sprayed him maliciously and sadistically without penological justification and that he sustained physical injury as a result. (Doc. 14 at 9). Those allegations are sufficient to survive a motion to strike his request for compensatory damages. *See Thompson*, 805 F. App'x at 904 (explaining that the "greater than *de minimis* requirement does not categorically bar compensatory or punitive damages for temporary injuries arising from an unlawful pepper spraying"); *see also Ruth v. Thomas*, No. CV322-013, 2023 WL 3743617, at *7 (S.D. Ga. May 4, 2023) (refusing to dismiss compensatory damages claim where inmate alleged that he suffered injuries when the defendants chemical sprayed him without a penological purpose); *Jackson v. Lanier*, No. 5:19cv114/MCR/MJF, 2021 WL 6339036, at *14 (N.D. Fla. Nov. 29, 2021), *adopted by* 2022 WL 94929

5

(N.D. Fla. Jan. 10, 2022) (declining to decide the issue of plaintiff's ability to recover compensatory damages at the motion to dismiss stage and explaining that it is more appropriately addressed at the summary judgment stage); *Flanning v. Baker*, No. 5:12cv337/MW/CJK, 2015 WL 4393540, at *5 (N.D. Fla. July 15, 2015) (questioning the urgency of deciding, at the motion to dismiss stage, whether plaintiff's claims for compensatory and punitive damages were barred by § 1997e(e), since doing so would not end the litigation or do much to change the landscape of the case).

Plaintiff will ultimately have to present evidence of a specific, more than *de minimis* physical injury, that he suffered from the chemical spraying in order to be awarded compensatory damages. But at this stage, Plaintiff's allegations, liberally construed and assumed to be true, are sufficient for his compensatory damages request to remain part of the case. Thus, Defendants' motion to dismiss or strike Plaintiff's request for compensatory damages should be denied.

> **B. Defendants are not entitled to dismissal of Plaintiff's requests for punitive damages at this stage of the proceeding.**

Defendants have also moved to dismiss Plaintiff's claims for punitive damages on the ground that they are barred by 18 U.S.C. § 3626(a)(1)(A). (Doc. 35 at 6-14). The Court need not decide the issue at this time. This Court and others have previously explained why it is unnecessary to resolve this issue at the motion to dismiss stage. *See, e.g., Hallam v. Gilbert*, No. 3:23cv7681/LAC/ZCB, 2024 WL 872288, at *3-4 (N.D. Fla. Feb. 13, 2024), *adopted by* 2024 WL 867067 (N.D. Fla. Feb. 29, 2024); *Watson v. Harris*, No. 1:23cv41/AW/ZCB, 2023 WL 9058715, at *2 (N.D. Fla. Dec. 8, 2023) *adopted by* 2024 WL 23160; *Baker v. Rathel*, No. 1:23cv3/AW/MJF, 2023 WL 7496224, at *5 (N.D. Fla. Oct. 5, 2023), *adopted by* 2023 WL 7497491, at **4-5 (N.D. Fla. Nov. 13, 2023); *Vaughn v. Cambria Cnty. Prison*, 709 F. App'x 152, 155 n.2 (3d Cir. 2017). For the reasons articulated in those decisions, Defendants' motion to dismiss Plaintiff's punitive damages claims should be denied.

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 35) be **DENIED**.

2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 24th day of July 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.